RECEIPT # 54920
AMOUNT $ 150
SUMMONS ISSUED ✓
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 3-30-04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Docket No.

| | |
|---|---|
| ANTHONY SENA, <br> Plaintiff | ) <br> ) <br> ) <br> ) |
| v. | ) COMPLAINT <br> ) <br> ) |
| METROPOLITAN LIFE <br> INSURANCE COMPANY, <br> Defendant | ) <br> ) <br> ) <br> ) |

04 CV 10620 MLW

MAGISTRATE JUDGE

### INTRODUCTION

1. Plaintiff, Anthony Sena, brings this action against Metropolitan Life Insurance Company (hereafter "MetLife") for violations of the Employment Retirement Security Act of 1974, as amended, 29 U.S.C. §§1001 *et seq.* ("ERISA"). Anthony Sena is a participant in an ERISA welfare benefit plan that is underwritten and insured by MetLife.

2. This Complaint challenges the Defendant's unlawful termination of Anthony Sena's Long Term Disability ("LTD") benefits without appropriate justification, without granting him a full and fair review of his claim for benefits, and failure to follow the terms of the plan.

3. Anthony Sena is filing this action to recover benefits due under the Plan, to enforce the present rights existing therein, to clarify rights under the terms of the Plan, and to recover interest, costs and attorneys' fees provided by ERISA.

### JURISDICTION

4. This Court has personal and subject matter jurisdiction over this case under 29 U.S.C. §1132(e) and (f), without regard to jurisdictional amount or diversity of citizenship, in that the defendant breached its obligations under ERISA.

## PARTIES

5. Anthony Sena is a 49 year old individual. Anthony Sena is a vested participant in MetLife employee benefit plan within the meaning of 29 U.S.C. §1002(2)(7). Anthony Sena has standing to bring this action under 29 U.S.C. §1132(a)(1).

6. The defendant, MetLife, is a for profit insurance company, duly licensed to do business in the Commonwealth of Massachusetts, with a place of business located at P.O. Box 14590 Lexington, Kentucky 40511-4592.

7. The Plan under which the Plaintiff is suing is a "group long term disability plan" issued by MetLife to the Home Depot with a Group Plan Number of 90281.

## STATEMENT OF FACTS

8. On or about January 1, 2001, Anthony Sena became an employee of the Home Depot store located at 1 Mystic View Road, Everett, Massachusetts where he worked as a sales associate in the Kitchen, Bath and Appliances section.

9. As an employee of the Home Depot, Anthony Sena purchased LTD benefits under a contract of insurance between MetLife and Home Depot.

10. MetLife both funds and administers the Plan under which Anthony Sena is suing.

11. Under the terms of the Plan, if disabled, Anthony Sena is entitled to receive a percentage of his monthly earnings until he turns 65 years old.

12. Under the terms of the Plan, "disability" means that due to an injury or sickness, you (1) require the regular care of a doctor, and (2) are unable to perform each of the material duties of your regular job or any gainful occupation for which you are reasonably qualified, taking into account your education, training and experience.

**Onset of injury; Disability**

13. On May 28, 2001, during the course of his employment at the Home Depot, Anthony Sena was standing on a ladder when shelf boards gave way, causing several pieces of merchandise to fall on top of Mr. Sena and knocking him from the ladder.

14. As a result of this incident, Mr. Sena suffered injuries to his neck, left shoulder and both knees, and has been unable to work since May 28, 2001.

15. Anthony Sena has been diagnosed with cervical disc protrusions at C5/6 & C6/7, a rotator cuff tear and a massive Bankart tear at the anterior of his left shoulder, and tears to the lateral medial meniscus of the left knee.

16. Mr. Sena underwent surgical repair of the left shoulder injury on April 5, 2002 and surgical repair of the left knee injury on August 22, 2003.

**Claim for LTD Benefits**

17. Anthony Sena has presented a timely claim for LTD benefits to MetLife Insurance Company asserting that he is an insured person, that he became disabled while insured, and that he is entitled under the Plan to LTD benefits. MetLife paid LTD benefits through August 22, 2002 when it terminated Mr. Sena's LTD benefits.

18. Anthony Sena claims that MetLife wrongfully terminated his LTD benefits and that he is due LTD benefits from August 22, 2002 to continuing and thereafter without interruption into the future until he reaches the age of 65 or is no longer disabled.

19. In its denial, the Defendant agreed to provide the Plaintiff with copies of all documents, records or other information relevant to Plaintiff's claim.

20. On or about January 14, 2003, the Plaintiff, Anthony Sena, through his attorney, did request a copy of all documents used by the Defendant to terminate his benefits.

21. On or about February 4, 2004, the Defendant provided the Plaintiff with a copy of records from his treating medical providers. The Defendant did not provide the Plaintiff with the opinions or names of any other consulting physicians that the Defendant used to terminate benefits.

22. On or about February 10, 2004, the Plaintiff filed his appeal of the Defendant's termination of disability benefits, and supplied the Defendant with documentation from the Plaintiff's treating medical providers supporting the Plaintiff's claim that he continued to be disabled under the terms of the policy.

23. Pursuant to the terms of the policy, the Defendant was to make a final determination within forty five (45) days of the Plaintiff's appeal.

24. The Defendant breached the policy and abused its discretion by failing to make a determination within the forty-five (45) day time period.

25. On or about April 16, 2003, the Defendant issued a final denial of Plaintiff's claim for disability benefits., and as such, the Plaintiff has exhausted all administrative remedies.

26. The Defendant's April 16, 2003 denial stated in part that a July 10, 2002 MRI did not show a meniscal tear of the knee.

27. The MRI dated July 10, 2002 was supplied to the Defendant as part of the Plaintiff's appeal, and does state "there is advanced free edge truncation disintegration and degenerative tear of the posterior horn of the lateral meniscus".

28. The Defendant breached the policy and abused its discretion by misstating the objective findings of the July 10, 2002 MRI.

29. In its April 16, 2003 determination, the Defendant breached the policy and abused its discretion by misstating the findings and opinions of the treating medical providers.

## COUNT I

30. The Plaintiff re-alleges paragraphs 1 - 29 above, as if fully set forth herein.

31. The insurance plan is a contract.

32. The Plaintiff has performed all of his obligations under the contract.

33. The Defendant did wrongfully and unlawfully deny the Plaintiff disability benefits as provided under the express terms and conditions of the Policy

34. The Defendant's actions constitute an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. §1132(a)(1)(B).

35. The Defendant unlawfully denied the Plaintiff benefits in part by:(1) rejecting and misstating the opinions of the Plaintiff's treating medical providers; (2) misstating the findings of the July 10, 2002 MRI; (3) failing to review the Plaintiff's appeal within the forty-five (45) day contractual time period; and (4) denying the Plaintiff a full and fair review of its decision to deny him benefits.

36. As a direct and proximate result of the Defendant's breach, the Plaintiff has and continues to incur loss of principal and the use of his rightful disability benefits.

37. In accordance with 29 U.S.C. §1132, the Plaintiff is entitled to be paid disability benefits under the Plan based upon his disabled status from and after August 22, 2002, and continuing.

38. The Defendant has refused to provide the Plaintiff with these disability benefits and is therefore in breach of the terms of the Plan and ERISA, which requires that the Defendant engage in a full and fair review of all claims and the administration of the Plan in the best interests of the Plan participants.

WHEREFORE, the Plaintiff seeks judgment against the Defendant, Metropolitan Life Insurance Company, for all issues, a monetary award, pre-judgment interest, attorney's fees and costs as provided in 29 U.S.C. §1001(b), an any further relief this Court deems legal and proper.

## COUNT II
(Attorney's Fees and Costs)

39. The Plaintiff re-alleges paragraphs 1 - 38 above, as if fully set forth herein.

40. Under the standards applicable to ERISA, the Plaintiff deserves to recover "a reasonable attorney's fee and costs of the action" herein pursuant to 29 U.S.C. §1132(g).

41. The Plaintiff's pursuit of this action is in the interest of not only the Plaintiff, but also all participants suffering from disabilities, who have been similarly wrongfully denied benefits under the Plan.

42. The Defendant has misstated the documents presented by the Plaintiff and has acted in bad faith by denying the Plaintiff benefits under the Plan.

43. The award of attorney's fees against the Defendant will deter the Defendant from continuing to engage in this course of conduct under similar circumstances.

WHEREFORE, the Plaintiff seeks an award of attorney's fees and costs.

The Plaintiff, by his attorney,

John J. Widdison, BBO#562200
2277 State Road
Plymouth, MA 02360
Tel. (508) 833-3148
Fax (508) 833-3947
jwiddison@widdisonlaw.com

DATE: March 29, 2004