UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04CV10620 MLW

ANTHONY SENA,                        )
                                     )
  Plaintiff                          )
                                     )
v.                                   )
                                     )
METROPOLITAN LIFE INSURANCE          )
COMPANY,                             )
                                     )
  Defendant                          )

## ANSWER

The defendant Metropolitan Life Insurance Company ("MetLife") hereby answers the numbered paragraphs of the plaintiff's complaint as follows:

1. The defendant makes no response to the allegations contained in the first sentence of paragraph 1 since they constitute conclusions of law as to which no response is required. The defendant admits the allegations contained in the second sentence of paragraph 1.

2. The defendant admits that this complaint challenges the defendant's termination of the plaintiff's long term disability benefits and otherwise denies each and every allegation contained in paragraph 2 of the complaint.

3. The defendant admits that the plaintiff has filed this action to recover benefits under the plan and for other relief, and otherwise denies each and every allegation contained in paragraph 3 of the complaint.

4. The defendant makes no response to the allegations contained in paragraph 4 of the complaint since they constitute conclusions of law as to which no response is required.

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 5 of the complaint. The defendant makes no response to the allegations contained in the second and third sentence of paragraph 5 since they constitute conclusions of law as to which no response is required.

6. The defendant admits the allegations contained in paragraph 6 of the complaint.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint.

8. The defendant admits that Anthony Sena became an employee of the Home Depot store located at 1 Mystic View Road, Everett, MA, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint.

9. The defendant denies each and every allegation contained in paragraph 9 of the complaint.

10. The defendant admits that MetLife insures and administers the Home Depot Welfare Benefits Plan and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11. The defendant states that the terms of the Plan speak for themselves, and therefore denies the allegations contained in paragraph 11 of the complaint in that they characterize the Plan terms and recite them incompletely.

12. The defendant states that the terms of the Plan speak for themselves, and therefore denies the allegations contained in paragraph 12 of the complaint in that they characterize the Plan terms and recite them incompletely.

13. The defendant admits that on May 28, 2001, Anthony Sena was injured and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint.

14. The defendant admits that Mr. Sena had injuries to his neck, left shoulder, and knees, is without knowledge or information sufficient to form a belief as to whether said injuries were as a result of the incident of May 28, 2001, and otherwise denies each and every allegation contained in paragraph 14 of the complaint.

15. In response to paragraph 15 of the complaint, the defendant admits that the plaintiff received the diagnoses referred to therein.

16. The defendant admits that Mr. Sena underwent left shoulder surgery on or about April 5, 2002, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint.

17. The defendant admits the allegations contained in paragraph 17 of the complaint.

18. The defendant admits that Anthony Sena claims that MetLife wrongfully terminated his LTD benefits and claims that he is due LTD benefits until he reaches the age of 65 or is no longer disabled, denies that said benefits are due, and denies each and every other allegation contained in paragraph 18 of the complaint.

19. The defendant admits that in its April 16, 2003, denial of Mr. Sena's appeal it offered, upon request, to provide to Mr. Sena a copy of the documents, records, or other information that it had that was relevant to his claim, and otherwise denies the allegations contained in paragraph 19 of the complaint.

20. In response to paragraph 20 of the complaint, the defendant admits that, in a letter dated January 14, 2003, plaintiff's counsel requested copies of "all relevant documents, records, and information used to deny this claim" but denies the implication that said request was in response to the April 16, 2003, letter from the defendant.

21. The defendant admits that by letter of February 4, 2003, the defendant provided the plaintiff with certain records regarding his claim for benefits and otherwise denies each and every allegation contained in paragraph 21 of the complaint.

22. The defendant admits that by letter dated February 10, 2003, the plaintiff appealed the defendant's termination of disability benefits and supplied the defendant with certain documentation from his treating medical providers and otherwise denies each and every allegation contained in paragraph 22 of the complaint.

23. The defendant states that the terms of the Plan speak for themselves, and therefore denies the allegations contained in paragraph 23 of the complaint in that they characterize the Plan terms and recite them incompletely.

24. The defendant denies each and every allegation contained in paragraph 24 of the complaint.

25. In response to paragraph 25 of the complaint, the defendant admits that, in a letter dated April 16, 2003, the defendant stated that it had upheld its termination of the plaintiff's long term disability benefits beyond August 22, 2002, and that the plaintiff had exhausted his administrative remedies under the Plan.

26. The defendant states that its letter of April 16, 2003, speaks for itself and therefore denies the allegations contained in paragraph 26 of the complaint in that they characterize the letter and recite it incompletely.

27. The defendant admits that it received a copy of an MRI scan of Mr. Sena's knee dated July 10, 2002, states that said scan speaks for itself, and therefore denies the remaining allegations contained in paragraph 27 of the complaint in that they recite the scan incompletely.

28. The defendant denies the allegations contained in paragraph 28 of the complaint.

29. The defendant denies the allegations contained in paragraph 29 of the complaint.

30. In response to paragraph 30 of the complaint, the defendant repeats and reasserts its responses to the paragraphs referred to therein.

31. The defendant makes no response to the allegations contained in paragraph 31 of the complaint since they constitute conclusions of law as to which no response is required.

32. The defendant makes no response to the allegations contained in paragraph 32 of the complaint since they constitute conclusions of law as to which no response is required.

33. The defendant denies each and every allegation contained in paragraph 33 of the complaint.

34. The defendant denies each and every allegation contained in paragraph 34 of the complaint.

35. The defendant denies each and every allegation contained in paragraph 35 of the complaint.

36. The defendant denies each and every allegation contained in paragraph 36 of the complaint.

37. The defendant denies each and every allegation contained in paragraph 37 of the complaint.

38. The defendant denies each and every allegation contained in paragraph 38 of the complaint.

39. In response to paragraph 39 of the complaint, the defendant repeats and reasserts its responses to the paragraphs referred to therein.

40. The defendant denies each and every allegation contained in paragraph 40 of the complaint.

41. The defendant denies each and every allegation contained in paragraph 41 of the complaint.

42. The defendant denies each and every allegation contained in paragraph 42 of the complaint.

43. The defendant denies each and every allegation contained in paragraph 43 of the complaint.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's Complaint seeks benefits pursuant to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 et seq., which provides the exclusive remedies for an alleged improper denial of benefits, and Plaintiff is limited to the rights and remedies afforded under ERISA. Under ERISA, Plaintiff is not entitled to seek compensatory, punitive, or other extra-contractual damages.

### Second Defense

Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted.

### Third Defense

To the extent (and without admitting that) Plaintiff is entitled to recover any benefits under the Plan at issue, such recovery is subject to setoffs under the terms of the Plan.

### Fourth Defense

To the extent (and without admitting that) Plaintiff is entitled to benefits at this time, such immediate entitlement does not mean that Plaintiff has an entitlement to unlimited future benefits given, inter alia, the possibility for future recovery from any disabling conditions (the existence

of which is denied), as well as the effect of different Plan requirements, exclusions, or limitations.

### Fifth Defense

The determinations by MetLife regarding Plaintiff's claim for benefits were not arbitrary and capricious, but rather were reasonable based on the evidence submitted by Plaintiff and comprising the claim file, and were made in good faith, in accordance with the terms of the Plan or applicable law.

### Sixth Defense

All determinations made by MetLife with respect to Plaintiff's claim for benefits were made in the interest of all plan participants and beneficiaries and in accordance with the terms and conditions of the plan documents.

WHEREFORE, MetLife respectfully requests that the Court dismiss the complaint, with prejudice, and award MetLife its attorneys' fees and costs.

> METROPOLITAN LIFE
> INSURANCE COMPANY
> By its attorneys,
>
> /s/ James F. Kavanaugh, Jr.
> James F. Kavanaugh, Jr. BBO# 262360
> CONN KAVANAUGH ROSENTHAL
>  PEISCH & FORD, LLP
> Ten Post Office Square
> Boston, MA  02109
> (617) 482-8200

Dated: October 19, 2004

211785.1